## SCHROEDER v. JARMULOWSKY.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

INSURANCE (§ 182*)—PREMIUMS—PERSONS LIABLE—EVIDENCE.

Plaintiff cannot recover of defendant because of complying with a letter, signed "M. J.," the name of defendant, inclosing an insurance policy, and asking plaintiff to make a certain increase in its amount, and return it to a certain address; the uncontradicted evidence being that defendant's uncle, with whom he lived at such address, was of the same name, that the goods covered by the policy belonged to the uncle, and that he called at defendant's office and asked defendant's bookkeeper to send the letter, there being no proof that the bookkeeper had authority from defendant to ask the increase in the policy.

[Ed. Note.—For other cases, see Insurance, Cent, Dig. §§ 392, 393; Dec. Dig. § 182.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henry Schroeder against Meyer Jarmulowsky. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Grossfield Bros., of New York City, for appellant.
Joseph Komito, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. Plaintiff, an insurance broker, received a letter signed "Meyer Jarmulowsky," and underneath, in parenthesis, the initials "J. R." which letter inclosed a policy of insurance and read as follows:

"Kindly return this policy to 8 Charles street, room 10, and increase same $200, and oblige."

Thereafter the plaintiff renewed the policy, and sent the same to Meyer Jarmulowsky to the Charles street address.

It appears, from the uncontradicted evidence produced by defendant, that there are two Meyer Jarmulowskys, that the other one is the uncle of the defendant, and that defendant lives with this uncle at the Charles street address, and that the goods at the Charles street address covered by the policy are the property of the uncle; and in explanation of the letter it was claimed by defendant that the uncle had stopped in defendant's office and asked defendant's bookkeeper to send the letter in question.

As there is no proof that defendant's bookkeeper had authority to ask plaintiff to take out this insurance, and as there is no denial of the facts alleged as to the two Jarmulowskys, I am constrained to the opinion that the judgment must be reversed, and a new trial had, but without costs. All concur.